# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

|  |  |  |
|---|---|---|
| ALEXIS WILKINS, | : | |
| | : | |
| Plaintiff, | : | Civil Action No.: 3:26-cv-00725 |
| | : | |
| v. | : | District Judge Eli J. Richardson |
| | : | Magistrate Judge Luke A. Evans |
| VERSANT MEDIA GROUP, INC. d/b/a MS | : | |
| NOW, CAROL LEONNIG, and KEN DILANIAN, | : | JURY DEMAND |
| | : | |
| Defendants. | : | |
| | : | |

## DEFENDANTS' MOTION TO STAY DISCOVERY
## AND SUPPORTING MEMORANDUM OF LAW

Defendants Versant Media Group, Inc., Carol Leonnig, and Ken Dilanian (collectively, "Defendants") respectfully move to stay discovery until the Court rules on their Motion to Dismiss or to Transfer (ECF No. 23). That motion, which includes a challenge to this Court's jurisdiction, is likely to resolve all claims in this Court – either because there is no personal jurisdiction over any of the Defendants, the case is transferred to another District, or Plaintiff Alexis Wilkins has failed to state any viable claim as a matter of law.

Defendants recognize that this Court disfavors stays of discovery, given its docket, and that routine concerns about burden typically do not justify such a stay. The constitutional issues and unique discovery challenges of this case, however, present special circumstances that justify a stay. Beginning discovery while Defendants' motion is pending would be unnecessarily and unusually burdensome. Discovery will present sensitive First Amendment concerns involving newsgathering and sources and involve the complexities of obtaining third-party discovery from FBI Director Kash Patel (in both his personal and professional capacities) and the FBI.

Accordingly, for the reasons detailed below, Defendants respectfully request that the Court stay discovery pending the disposition of their motion to dismiss or transfer.

<u>**RELEVANT BACKGROUND**</u>

This case is in its early stages. Wilkins filed her complaint on May 29, 2026, alleging defamation and privacy claims arising out of an article published by Defendants (the "Article"). No case management order has been entered, and the parties have not started discovery. Rather, pending before the Court is Defendants' Motion to Dismiss or to Transfer, filed on August 11, 2026. *See* ECF Nos. 23 ("Mot."), 23-1 ("Mem.").

Defendants' motion contains two separate grounds for dismissal. First, the motion argues that the Court should dismiss the complaint pursuant to Rule 12(b)(2) because Defendants are not subject to personal jurisdiction in this Court. As the declarations attached to the motion demonstrate, Defendants are not domiciled in Tennessee, did not conduct their work for the Article at issue in Tennessee, and did not target their conduct at Tennessee. Mem. at 6-11. Rather, the claims in this case arise from a news report published to a national audience by a national news outlet on matters of public concern to people throughout the country. *Id.* This lawsuit's only connection to Tennessee is Wilkins' alleged residence here, which is insufficient to confer jurisdiction. *Id.* at 6. Alternatively, the motion explains that the Court could transfer this action to the United States District Court for the District of Columbia, where most of the Defendants and witnesses are based. *Id.* at 11-14.

Second, the motion argues for dismissal pursuant to Rule 12(b)(6) because the complaint fails to state any viable claim under longstanding defamation and privacy principles. *Id.* at 14-23. The Article, as a matter of law, is not capable of defaming Wilkins or of casting her in a "highly offensive" false light, and Wilkins' claims to the contrary rely on interpretations of the

2

Article that are unreasonable as a matter of law. *Id.* These pure legal issues require no discovery.

The case management conference is scheduled for August 18. In anticipation of the conference, the parties' lead counsel conferred on August 6 and discussed Defendants' proposal to stay discovery. Wilkins does not agree to the proposed stay. Defendants therefore are filing this motion.

## ARGUMENT

The Court should exercise its discretion to stay discovery while Defendants' motion is pending. Courts "have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999); *see also Nissan N.A., Inc. v. DeltaWing Project 56, LLC*, 2015 WL 7756146, at *2 (M.D. Tenn. Dec. 1, 2015) (the power to stay proceedings "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants"). A court "may stay discovery for 'good cause' to protect a party from undue expense or burden." *Id.* (citing Fed. R. Civ. P. 26(c)(1)). For example, a "court has the discretion to stay discovery until questions that may dispose of the case, including a motion to dismiss for failure to state a claim, are determined." *Kareem v. JPMorgan Chase Bank, N.A.*, 2016 WL 9405838, at *2 (6th Cir. Nov. 21, 2016) (citing *Hahn*, 190 F.3d at 719); *see also Nichols v. Baptist Mem'l Hosp., Inc.*, 2004 WL 2905406, at *2 (W.D. Tenn. Apr. 2, 2004) ("It is settled that entry of an order staying discovery pending determination of dispositive motions is an appropriate exercise of the court's discretion." (cleaned up)).

While staying discovery is not automatic upon the filing a motion to dismiss, a stay is warranted where "the burden of proceeding with discovery" outweighs "the hardship which

3

would be worked by a denial of discovery." *Kelley v. Harr*, 2023 WL 9424958, at *1 (M.D. Tenn. Apr. 14, 2023).

A stay is warranted here. Defendants' motion is likely to dispose of all claims in this case. While Wilkins would not face any prejudice from a temporary stay while that motion is pending, the burden on Defendants of proceeding to discovery in this Court – which does not have jurisdiction over them – would be significant.

### A. Good Cause Exists to Stay Discovery.

Defendants have moved to dismiss Wilkins' complaint in its entirety. That alone weighs in favor of a stay. *See, e.g.*, *Sims v. First Horizon Nat'l Corp.*, 2009 WL 1789090, at *6 (W.D. Tenn. June 23, 2009) (staying discovery pending ruling on motion to dismiss to save needless "time and expense"); *Spec's Fam. Partners, Ltd. v. First Data Merch. Servs. Corp.*, 2015 WL 13102007, at *2 (W.D. Tenn. July 1, 2015) (without stay pending motion to dismiss, "substantial resources expended on discovery would be wasted"); *Hall v. Stine Seed Co.*, 2021 WL 6752224, at *2 (W.D. Tenn. Sept. 1, 2021) (stay appropriate where pending motion "may dispose of this case in its entire[ty]"); *Nolt v. Knowles*, 2023 WL 2639268, at *3 (M.D. Tenn. Mar. 24, 2023) (it would be "imprudent to proceed with discovery" given unresolved motion to dismiss).

A stay is "particularly appropriate" here because "the Court's jurisdiction is in question." *Kelley*, 2023 WL 9424958, at *1 (granting stay where defendants moved to dismiss on personal jurisdiction grounds). "[B]ecause personal jurisdiction is a threshold issue that determines whether a court has the power to bind the defendant, the nature of the pending motion in this case supports a stay of merits discovery." *Victoria's Secret Stores Brand Mgmt., Inc. v. Bob's Stores LLC*, 2014 WL 1045994, at *2 (S.D. Ohio Mar. 17, 2014); *see also Nissan*, 2015 WL 7756146, at *2 ("Should the Court find it has no jurisdiction and dismiss the action against these

4

Defendants, they would have no need for the burden or expense of participating in the litigation.").

Wilkins acknowledges that none of the Defendants are domiciled in Tennessee and offers a single, conclusory allegation regarding this Court's jurisdiction. Compl. ¶¶ 3-5, 7. Meanwhile, Defendants' motion provides concrete evidence demonstrating that this Court lacks personal jurisdiction under Supreme Court and Sixth Circuit precedent. Under these circumstances, postponing discovery would not only conserve time and resources, but it would also ensure that discovery does not "undermine the due process considerations that personal jurisdiction is designed to protect." *Victoria's Secret*, 2014 WL 1045994, at *2 (citation omitted); *see also In re Copper Tubing Litig.*, 2006 WL 8434911, at *4 (W.D. Tenn. Oct. 3, 2006) (requiring defendants who challenged personal jurisdiction to engage in "the burden and expense of engaging in costly merit discovery" would be "unfair"). Moreover, if the Court decides to transfer the case to the District Court for the District of Columbia, further proceedings – including discovery – could be handled differently, as that court and its judges adhere to different practices and procedures.

Defendants' motion offers another, independent reason for dismissal. The motion challenges the legal sufficiency of Wilkins' claims based upon well-established legal rules, and "neither the parties nor the court have any need for discovery before the court rules" on those issues. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997); *see also Hahn*, 190 F.3d at 719 (district court did not abuse its discretion when staying discovery where "facts that the [plaintiffs] claim that they need to discover have no relevance to the dispositive legal issues in question"). If those issues are resolved in Defendants' favor, any discovery that Wilkins seeks will be rendered wholly unnecessary.

## B. The Burdens of Discovery Are Exacerbated in This Case.

Discovery in this case would be particularly burdensome on Defendants – a news organization and two journalists. Courts consistently recognize that "[c]ostly and time-consuming defamation litigation can threaten" vital First Amendment rights. *Kahl v. Bureau of Nat'l Affs., Inc.*, 856 F.3d 106, 109 (D.C. Cir. 2017); *see also Nat'l Rev., Inc. v. Mann*, 589 U.S. 1088, 1093 (2019) (Alito, J., dissenting from denial of cert.) (recognizing that the prospects of "shoulder[ing] all the burdens of difficult litigation," including being "faced with hefty attorney's fees," "may deter the uninhibited expression of views that would contribute to healthy public debate"); *Michel v. NYP Holdings, Inc.*, 816 F.3d 686, 702 (11th Cir. 2016) ("[T]here is a powerful interest in ensuring that free speech is not unduly burdened by the necessity of defending against expensive yet groundless litigation.").

Courts are therefore "understandably wary of allowing unnecessary discovery where First Amendment values might be threatened." *Weyrich v. New Republic, Inc.*, 235 F.3d 617, 628 (D.C. Cir. 2001); *see also In re DaimlerChrysler AG Sec. Litig.*, 216 F.R.D. 395, 402 n.9 (E.D. Mich. 2003) ("courts faced with enforcing requests for the discovery of materials used in the preparation of journalistic reports should be aware of the possibility that the unlimited or unthinking allowance of such requests will impinge upon First Amendment rights" (quoting *Bruno & Stillman, Inc. v. Globe Newspaper Co.*, 633 F.2d 583, 595 (1st Cir. 1980))). To alleviate these concerns, courts have stayed discovery pending dispositive motions. *See, e.g.*, *Moldea v. N.Y. Times Co.*, 137 F.R.D. 1, 2 (D.D.C. 1990) ("the significant First Amendment issues raised in this case" weigh in favor of a stay); *Blankenship v. Trump*, 2020 WL 748874, at *4 (S.D.W. Va. Feb. 13, 2020) ("a stay may mitigate these free speech concerns to ensure that the case has merit before proceeding further").

6

This lawsuit is based entirely on Defendants' exercise of their speech rights.  By targeting a news report critical of the Director of the FBI, it highlights the burden a plaintiff can impose on speakers through the judicial process and thereby threatens to stifle speech on matters of public concern.[1]

The need for a stay is especially acute here.  Discovery is likely to raise questions with significant First Amendment implications.  As just one example, Wilkins puts Defendants' sourcing for the Article directly at issue in this lawsuit, alleging that the sources did not have "first-hand knowledge" of the events described in the Article and even questioning whether the sources "existed at all."  Compl. ¶ 19.  These issues are irrelevant to the pending motion to dismiss.  But if this case were to proceed, Defendants expect to invoke the reporter's privilege to protect the identity of sources who have been "granted anonymity to discuss nonpublic matters" as described in the Article.  *Id.* ¶ 11 (quoting the Article).  Discovery is therefore likely to involve complex and potentially contentious questions that go to the heart of the First Amendment's protections.

Without a stay, Wilkins could use her facially deficient lawsuit to try to pressure Defendants to unmask their sources and chill their speech – in a Court that does not even have jurisdiction over Defendants.  The Court should not allow that gamesmanship.  Instead, it should resolve the threshold issues raised in the motion to dismiss, including jurisdictional issues, before commencing discovery.  Indeed, it "would make little sense for the Court to adjudicate discovery

---

[1] Indeed, the State of Tennessee has recognized the special burdens of discovery on the news media, as its anti-SLAPP law "immediately stays discovery in the pending lawsuit until the court has ruled" on a motion pursuant to the statute. *Charles v. McQueen*, 693 S.W.3d 262, 268 (Tenn. 2024) (citing Tenn. Code Ann. § 20-17-104(d)).  While Defendants have not invoked the anti-SLAPP statute in this federal case, this State's expressed concern for preventing undue burdens in cases over speech counsels in favor of a stay.

disputes," particularly those that implicate First Amendment rights, "without first deciding whether it has the power to bind" Defendants. *Victoria's Secret*, 2014 WL 1045994, at *2.

In addition to the First Amendment concerns, discovery in this case undoubtedly will involve complications, complexities, and disputes arising out of the need for third-party discovery from Patel, who is involved in the events at issue in the Article in both his personal capacity and as the FBI director, and from the FBI itself. Given that Wilkins' claims may well be resolved by Defendants' motion, without the need for discovery, or transferred to the District of Columbia, commencing discovery while the motion is pending would impose an undue burden not only on Defendants but also on these third parties and, in the likely event that disputes arise, on the Court.

### C. Wilkins Will Not Be Prejudiced by a Stay of Discovery.

Wilkins would not face any prejudice from a temporary stay of discovery. This lawsuit is in its early stages, and if it proceeds, Wilkins will have ample opportunity to obtain discovery relevant to her claims. *See Victoria's Secret*, 2014 WL 1045994, at *2 (fact that litigation was in "very early stages" weighed in favor of staying discovery). While Wilkins will not be able to identify any prejudice from a stay, even if she could, Wilkins "chose to file this case in [her] home district against . . . out-of-state defendant[s]." *Id.* at *3. Accordingly, "[a]ny burden associated with a brief stay while the Court determines whether it has jurisdiction over Defendant[s] is entirely self-inflicted." *Id.*; *see also Lewis v. Loftin*, 2017 WL 5505337, at *2 (W.D. Tenn. Mar. 1, 2017) ("judicial economy" of staying proceedings pending challenge to personal jurisdiction outweighed any prejudice to plaintiffs).

Because "the burden" of discovery on Defendants "outweighs any hardship" Wilkins might experience, a stay is warranted. *Hall*, 2021 WL 6752224, at *2.

8

**CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court stay all discovery and further proceedings in this action, pending the Court's ruling on Defendants' Motion to Dismiss or to Transfer.

**CERTIFICATION UNDER LOCAL RULE 7.01(a)(1)**

Pursuant to Local Rule 7.01(a)(1), the undersigned counsel conferred with Wilkins' counsel, and Wilkins opposes the relief requested in this motion.

Dated: August 13, 2026

Respectfully submitted,

/s/ *Michael Berry*
Michael Berry (*pro hac vice*)
Jacquelyn N. Schell (*pro hac vice*)
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
(215) 665-8500
berrym@ballardspahr.com
schellj@ballardspahr.com

Ty E. Howard (No. 26132)
Brooke Sgambati
BRADLEY ARANT BOULT CUMMINGS LLP
1221 Broadway, Suite 2400
Nashville, TN 37203
(615) 244-2582
thoward@bradley.com
bsgambati@bradley.com

*Counsel for Defendants Versant Media Group, Inc., Carol Leonnig, and Ken Dilanian*

9