IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
Nashville Division

| | |
|---|---|
| ALEXIS WILKINS,<br><br>     Plaintiff,<br><br>  v.<br><br>VERSANT MEDIA GROUP, INC.<br>d/b/a MS NOW et al.,<br><br>     Defendants. | Case No.: 3:26-cv-725-EJR-LAE<br><br>JUDGE RICHARDSON<br>MAGISTRATE JUDGE EVANS |

## JOINT PROPOSED INITIAL CASE MANAGEMENT ORDER

Pursuant to this Court's Local Rule 16.01, counsel for all parties have met and conferred to discuss the matters addressed in Federal Rule of Civil Procedure 26(f). Agreements reached by counsel or the parties' differing positions are memorialized in this joint proposed initial case management order, which reflects the case management preferences of Magistrate Judge Evans and the presiding District Judge.

A calendar date shall be proposed for each deadline

A. JURISDICTION: Defendants dispute jurisdiction. Plaintiff contends that this Court has jurisdiction pursuant to complete diversity, 23 U.S.C. § 1332, and that it has personal jurisdiction over Defendants based on Tennessee's long arm statute, Tenn. Code § 20-2-214(6). Defendants filed a motion to dismiss or transfer this action based, in part, on lack of personal jurisdiction. *See* Dkt. 23.

B. BRIEF THEORIES OF THE PARTIES:

**For Plaintiff**: that Defendants made knowingly or recklessly false statements about Ms. Wilkins abusing FBI resources by having her security detail escort intoxicated friends home from clubs in Nashville. Moreover, Ms. Wilkins contends

that the reporters either fabricated the existence of "anonymous sources" to shield themselves from liability, or if the sources existed, they knew or recklessly disregarded their lack of personal knowledge and that their information was refuted by facts known to the reporter.

**For Defendants:** The Court should dismiss this case pursuant to Fed. R. Civ. P. 12(b)(2), as Wilkins has not alleged and cannot prove that this Court has personal jurisdiction over any Defendant. In the alternative, the Court should transfer the case to the United States District Court for the District of Columbia, where most of the Defendants and witnesses are based.

Even if the Court retains the case, it should dismiss Plaintiff's defamation and privacy claims pursuant to Fed. R. Civ. P. 12(b)(6), as they rely on unreasonable interpretations of the article at issue. The article, as a matter of law, is not capable of defaming Plaintiff or of casting her in a "highly offensive" false light.

Defendants thoroughly and responsibly reported the article and wrote it in good faith, believing everything in it was accurate. As a result, Plaintiff will not be able to prove that any statement or implication about her was materially false, much less that Defendants published such a statement with knowledge of falsity or despite a high probability that it was false.

Finally, as set forth in their motion to stay, Defendants request that the Court stay discovery in this case pending resolution of their motion to dismiss, given the First Amendment concerns implicated by this case and the unusual burden that discovery will pose, particularly discovery of the FBI and FBI Director, in both his personal and professional capacities.

C.     ISSUES RESOLVED: None.

D.     ISSUES STILL IN DISPUTE: Jurisdiction, liability, and damages are all in dispute.

E.  INITIAL DISCLOSURES: The parties shall exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on or before September 17, 2026.

F.  CASE RESOLUTION AND JOINT STATUS REPORTS: The parties are encouraged to consider the Alternative Dispute Resolution options provided in Local Rules 16.02 through 16.05. **If the parties do not propose a detailed plan for resolution of the case in their proposed initial case management order, the Court will establish case resolution plan requirements.** Approximately fourteen (14) days after the conclusion of fact discovery, or by July 15, 2027, the parties shall submit a joint report confirming that the parties made a good faith attempt to resolve the case. The joint report shall also state whether the parties believe ADR might assist in resolution of the case. If a judicial settlement conference is requested in either joint report or separately, the parties shall also state (i) the reasons why mediation is not feasible; (ii) their proposed timing for scheduling of the settlement conference; and (iii) any preference of a particular Magistrate Judge to conduct the settlement conference.

The parties may request referral to a member of the Court's ADR Panel for pro bono mediation by filing a motion that states why private mediation is not feasible and why referral to a mediator will materially advance the resolution of the case.

G.  DISCOVERY: The parties shall complete all written discovery and depose all fact witnesses on or before July 1, 2027. Written discovery shall proceed promptly (unless otherwise provided for herein) and shall be served by no later than November 1, 2026. Discovery is not stayed during dispositive or other motions, unless ordered by the Court.

As noted above, Defendants have filed a motion to stay discovery pending resolution of dispositive motions. Plaintiffs will oppose this motion. The parties agree that a protective order will likely be necessary in this case and will work together to prepare a proposed order for the Court's consideration.

A party may not bring a discovery dispute to the Court for resolution before lead counsel for that party has held a telephonic or in-person discussion with lead counsel for every one of the parties adverse to it with respect to the dispute (which, in the case of multiple adverse parties, may occur separately with different adverse parties) and has made a good-faith effort to resolve the dispute.

No discovery disputes may be brought to the Court for resolution before lead counsel for all parties have conducted an in-person meeting and made a good faith effort to resolve any dispute(s). Discovery disputes that cannot be resolved after the in-person meeting must be brought promptly to the attention of the Magistrate Judge by the filing of a joint discovery dispute statement and a joint motion for a discovery conference. Each party's position statement shall be limited to no more than three pages per issue. The parties may attach documents for review that will be useful to the Court's understanding of the dispute. If the parties are unable to reach a resolution of the dispute after the conference, the Magistrate Judge will set a schedule for discovery motion briefing. If a party files a discovery motion before a discovery dispute conference has been held, the motion will likely be terminated.

All motions related to fact discovery shall be filed by no later than July 15, 2027.

H.      MOTIONS TO AMEND OR TO ADD PARTIES: Any motions to amend or to add parties shall be filed by no later than December 1, 2026.

Any motion to amend must be accompanied by the proposed amended pleading, which shall be included as an exhibit to the motion. Before filing the motion to amend, counsel for the moving party shall discuss the proposed amendment with all other counsel and shall state in the motion to amend whether the motion is opposed. Any motion to amend must comply with Local Rules 7.01 and 15.01.

I.      DISCLOSURE AND DEPOSITIONS OF EXPERTS: The plaintiff shall identify and disclose all expert witnesses and expert reports on or before August 2,

2027. The defendant shall identify and disclose all expert witnesses and reports on or before September 2, 2027. All expert witnesses shall be deposed on or before November 1, 2027.

Rebuttal experts shall be permitted only by leave of court. Unless otherwise provided for in a separate pretrial order, supplemental expert disclosures, which specifically include, but are not limited to, any supplemental information to expert reports, must be made in accordance with Rule 26(a) and (e). Supplemental expert opinions or other expert disclosures not timely disclosed may be excluded at trial. *See* Local Rule 39.01(c)(5.C).

J.     NEXT CASE MANAGEMENT CONFERENCE. The parties may request a case management conference by filing a motion that identifies all issues to be discussed and the parties' positions. If the parties request extensions of case management deadlines, they shall include all proposed extended deadlines in the motion. The parties shall state whether they request an in-person or telephonic conference.

K.     DISPOSITIVE MOTIONS: As provided above, the parties must attempt to resolve the case prior to the filing of dispositive motions. Dispositive motions shall be filed by no later than December 1, 2027. Responses to dispositive motions shall be filed within 28 days after the filing of the motion. Briefs or memoranda of law in support of or in opposition to a dispositive motion shall not exceed 25 pages. Optional replies may be filed within 14 days after the filing of the response and shall not exceed 5 pages. No motion for partial summary judgment shall be filed except by permission of the Court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel, and the Court. All attorneys are required to read Judge Richardson's opinion in *McLemore v. Gumucio*, 619 F. Supp. 3d 816 (M.D. Tenn. 2021), regarding what should (or should not) be

included in the summary judgment movant's "statement of undisputed material facts," and any parties moving for summary judgment or responding to a motion for summary judgment are expected to follow Judge Richardson's guidance as detailed in the *McLemore* opinion.

L.   ELECTRONIC DISCOVERY. The parties shall discuss any anticipated electronic discovery before the initial case management conference. If the parties reach an agreement on how to conduct electronic discovery in this case, Administrative Order 174-1 need not apply. Any agreement among the parties to address electronic discovery shall be reduced to writing, signed by counsel, and filed as a stipulation of agreed-upon electronic discovery procedures. If the parties request the Court's approval of their agreement, they shall file it was a proposed agreed order with the appropriate accompanying motion. In the absence of an agreement, Administrative Order 174-1 will apply.

M.   MODIFICATION OF CASE MANAGEMENT ORDER. Any motion to modify the case management order or any case management deadline shall be filed at least seven (7) days in advance of the earliest impacted deadline. Unless a joint motion, the motion for modification 5 must include a statement confirming that counsel for the moving party has discussed the requested modification or extension with opposing counsel and whether or not there is any objection to the requested modification or extension. The motion for modification must also include: (i) the trial date and all deadlines, even unaffected deadlines, so that it will not be necessary for the Court to review one or more previous case management orders in consideration of the motion and (ii) a statement that the requested extension will still conform to the requirements of Local Rule 16.01(h)(1) that no dispositive motion deadline, including response and reply briefs, shall be later than 90 days in advance of the trial date. Motions for extensions should also detail the moving party's efforts at diligently

6

complying with the originally schedule deadline and the facts demonstrating good cause for modification of the deadline as required by Fed. R. Civ. P. 16(b)(4).

    N.    ESTIMATED TRIAL TIME AND TARGET TRIAL DATE: The JURY trial of this action is expected to last approximately five (5) days. A trial date no earlier than March 1, 2028, is respectfully requested.[1]

_____
United States Magistrate Judge Luke A. Evans

---

[1] The parties were also reminded during the case management conference of their option to consent to final disposition by the Magistrate Judge pursuant to Fed. R. Civ. P. 73 and Local Rule 73.01. As discussed, if the parties wish to utilize this option, they may jointly complete and electronically file the form Notice, Consent and Reference of a Civil Action to a Magistrate Judge found on the Court's website under the link for Forms. Not consenting will not result in any adverse consequences, and the Notice should be filed **only if all parties consent** to final disposition by the Magistrate Judge.

Case 3:26-cv-00725    Document 25    Filed 08/13/26    Page 7 of 7 PageID #: 135