UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ALEXIS WILKINS,<br>Plaintiff,<br><br>v.<br><br>VERSANT MEDIA GROUP, INC., et al.,<br>Defendants. | Case No. 3:26-cv-00725<br><br>Judge Eli J. Richardson<br>Magistrate Judge Luke A. Evans |

Defendants have filed a motion to stay discovery in this case pending a ruling on their motion to dismiss or transfer. (Doc. No. 24.) Plaintiff opposes the motion. (Doc. No. 27.) The Court heard oral argument on this motion during the case management conference on August 18, 2026. This matter is ripe for decision. For the reasons that follow, Defendants' motion is denied.

Plaintiff Alexis Wilkins ("Wilkins") filed this defamation suit concerning an online article that Defendant Versant Media Group, Inc. published on December 5, 2025, and that was written by their employees, Defendant Carol Leonnig and Defendant Ken Dilanian. According to Plaintiff, the article "falsely asserted that Ms. Wilkins demanded, and [FBI] Director [Kash] Patel ordered, that federal agents assigned to her security detail—which did not even exist at the time—escort an intoxicated friend home after a 'night of partying'" in Nashville, Tennessee. (Doc. No. 1 at 1.) Defendants seek dismissal on the basis that the Court lacks personal jurisdiction over them and that Plaintiff has failed to state a claim. (Doc. No. 23-1 at 7–11, 15–24.) In the alternative, Defendants seek to transfer this case to the District of Columbia, where most of the witnesses and evidence are located. (Doc. No. 23-1 at 13–14.)

In the instant motion, Defendants seek a stay of discovery until Judge Richardson rules on the motion to dismiss or transfer. Defendants claim that this case presents "unique discovery challenges" because discovery "will present sensitive First Amendment concerns involving

newsgathering and sources and involve the complexities of obtaining third-party discovery from FBI Director Kash Patel (in both his personal and professional capacities) and the FBI." (Doc. No. 24 at 1.) Defendants also argue that a stay is warranted because their motion to dismiss "is likely to dispose of all claims in this case." (*Id.* at 4.) Plaintiff disagrees with Defendants over the likelihood of dismissal and argues that a stay is not warranted merely because a motion to dismiss is pending. (Doc. No. 27.)

"The trial court is afforded broad discretion in order to control and dictate the sequence of discovery." *Collabera, Inc. v. Liggett*, No. 3:21-CV-00123, 2021 WL 6496801, at *1 (M.D. Tenn. June 21, 2021) (citation omitted). The Local Rules provide that "[d]iscovery is not stayed, including during the pendency of dispositive motions, unless specifically authorized by Fed. R. Civ. P. 26(d) or by order of the Court . . . ." LR 16.01(g). The case law supports the Local Rule. *See Collabera, Inc.*, No. 3:21-CV-00123, 2021 WL 6496801, at *1 (M.D. Tenn. June 21, 2021) ("[t]he mere fact that a party has filed a case-dispositive motion is usually deemed insufficient to support a stay of discovery") (internal quotation marks and citation omitted); *see also Tarazi v. Oshry*, No. 2:10-CV-793, 2011 WL 1437052, at *1 (S.D. Ohio Apr. 12, 2011) ("[A] motion to dismiss for failure to state a claim under Rule 12(b)(6) is generally deemed an insufficient ground for staying discovery.") (citations omitted). Ultimately, the Court must "weigh the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be worked by a denial of discovery and take into account any societal interests which are implicated by either proceeding or postponing discovery." *Bridgestone Americas, Inc. v. Int'l Bus. Machines Corp.*, No. 3:13-CV-1196, 2016 WL 11786196, at *1 (M.D. Tenn. July 6, 2016) (cleaned up). The Court must "tread carefully" when granting a motion to stay "because every party has a right to a determination of its rights and liabilities without undue delay." *Arnold v.*

*Parades*, No. 3:23-CV-00545, 2023 WL 12260534, at *2 (M.D. Tenn. Oct. 24, 2023) (internal quotation marks and citation omitted).

The Court finds that Defendants have failed to show good cause why discovery should be stayed. Regardless of how Judge Richardson rules on the motion to dismiss for lack of personal jurisdiction, this case will proceed somewhere. Defendants all but concede this point by alternatively arguing that the case be transferred to the District of Columbia. Therefore, their argument regarding the burden of conducting discovery finds no footing. Any discovery conducted pending a ruling on the motion to stay will be available for use in the District of Columbia, if Judge Richardson were inclined to transfer the case. The "unique discovery challenges" and "constitutional issues" will remain, one way or the other. *See Ohio Valley Bank Co. v. MetaBank*, No. 2:19-CV-191, 2019 WL 2170681, at *3 (S.D. Ohio May 20, 2019) ("[I]t could be argued that because these types of motions do not go to the merits of the case, but only to the forum in which it proceeds, there is even less reason to stay discovery pending their outcome.") (quoting *Charvat v. NMP, LLC*, No. 2:09-cv-209, 2009 WL 3210379, at *2–3 (S.D. Ohio Sept. 30, 2009)); *see also Oxford Lending Grp., LLC v. Underwriters At Lloyd's London*, No. 2:10-CV-00094, 2010 WL 4026145, at *2 (S.D. Ohio Oct. 12, 2010) (denying motion to stay discovery pending resolution of motion to dismiss for personal jurisdiction because even if the court dismissed the case, it would be without prejudice to refiling in the appropriate jurisdiction).

Likewise, Defendants' argument that a stay is warranted because their Rule 12(b)(6) motion will "likely" dispose of the case fares no better. The Court will not address the merits of the motion to dismiss or transfer. That said, "unless the motion raises an issue such as immunity from suit, which would be substantially vitiated absent a stay, or unless it is patent that the case lacks merit and will almost certainly be dismissed, a stay should not ordinarily be granted to a

party who has filed a garden-variety Rule 12(b)(6) motion." *Williams v. New Day Farms, LLC*, No. 2:10-CV-0394, 2010 WL 3522397, at *2 (S.D. Ohio Sept. 7, 2010). The reasons stated by Defendants are insufficient to overcome Plaintiff's right to have the case decided without undue delay. Therefore, discovery should proceed in the normal course.

For the reasons stated herein, Defendants' motion to stay discovery (Doc. No. 24) is DENIED.

It is so ORDERED.

LUKE A. EVANS
United States Magistrate Judge